UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES LINGENFELTER,<br><br>                            Plaintiff,<br><br>  v.<br><br>BANK OF ENGLAND,<br><br>                            Defendant. | Case No. 23-cv-0775-BAS-KSC<br><br>**ORDER:**<br><br>**1. GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 3);**<br><br>**2. DENYING PLAINTIFF LEAVE TO FILE ELECTRONICALLY (ECF NO. 5); AND**<br><br>**3. TO SHOW CAUSE WITH RESPECT TO FRIVOLOUSNESS** |

       Plaintiff Michael James Lingenfelter, proceeding pro se, files this action against his former employer, Defendant Bank of England. Plaintiff alleges (1) wrongful termination; (2) workplace harassment; (3) mental, verbal, and physical abuse/bullying, (4) retaliation, (5) false claims, slander, defamation, and libel, (6) hostile workplace environment, and (7) interference with prospective economic relations. (ECF No. 1.) Plaintiff also files an application seeking leave to proceed without prepaying fees or costs, also known as proceeding in forma pauperis ("IFP"), (IFP Mot., ECF No. 3) and a motion for leave to file electronically (ECF No. 5). For the reasons discussed below, the Court **GRANTS**

Plaintiff's application to proceed IFP (ECF No. 3), **DENIES** Plaintiff's motion for leave to file electronically (ECF No. 5), and **ORDERS** Plaintiff to show cause as to why this case should not be dismissed as frivolous.

## I.   APPLICATION FOR LEAVE TO PROCEED IFP

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that he meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff has no income other than "loans from friends" totaling $2,000 per month. (IFP Mot. ¶ 1.) He lists his monthly expenses as $570. (*Id.* ¶¶ 1, 8.) He does not own an automobile, real estate, or any other significant asset. (*Id.* ¶ 5.) His savings consists of $93.04 in cash. (*Id.* ¶ 4.) Plaintiff lists no expenses for rent and states, "[B]asically I am homeless." (*Id.* ¶¶ 8, 12.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Accordingly, the Court **GRANTS** Plaintiff's application to proceed IFP.

## II.  MOTION FOR LEAVE TO FILE ELECTRONICALLY

Before the Court is Plaintiff's *ex parte* motion for permission to use the CM/ECF filing system in accordance with ECF Administrative Policies and Procedures. (ECF No. 5.) A pro se party seeking leave to electronically file documents must demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual. Plaintiff's motion fails to do so. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's motion for leave to electronically file. *Cf. In re Cisse*, No. 20-cv-1694-BAS-WVG, 2020 WL 6561426, at *1 (S.D. Cal. Nov. 9, 2020). If Plaintiff elects to refile his motion, it must comport with the instructions in the Electronic Case Filing Administrative Policies & Procedures Manual. This Manual as well as the current technical specifications for CM/ECF can be found at the court's official web site, www.casd.uscourts.gov.

## III.  ORDER TO SHOW CAUSE

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). This standard grants the court "the unusual power to

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

An IFP complaint "that merely repeats pending or previously litigated claims" is subject to dismissal as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of plaintiff's claims as "frivolous or malicious" where the plaintiff's four previous actions concerning the same issue were dismissed for lack of subject matter jurisdiction).

In this case, Plaintiff appends to his Complaint a state court filing, in which Plaintiff alleges the same causes of action against the same defendant. The Court is aware that Plaintiff is currently litigating these claims in state court. As a result, the Court **ORDERS** Plaintiff to show cause, **on or before August 18, 2023**, as to why the Court should not dismiss this suit as frivolous under 28 U.S.C. § 1915(e)(2)(B). If Plaintiff can provide reasoning to justify such parallel litigation, then the Court will proceed to screening each of Plaintiff's claims. If Plaintiff fails to provide adequate justification, then the Court will dismiss Plaintiff's claims.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's application to proceed IFP (ECF No. 3), **DENIES** Plaintiff's motion for leave to file electronically (ECF No. 5), and **ORDERS** Plaintiff to show cause, **on or before August 18, 2023**, as to why the Court should not dismiss this suit as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

**DATED: July 28, 2023**

Hon. Cynthia Bashant
United States District Judge