# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES LINGENFELTER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BANK OF ENGLAND,<br><br>　　　　　　　　　　Defendant. | Case No. 23-cv-0775-BAS-KSC<br><br>**ORDER REMANDING CASE TO SAN DIEGO SUPERIOR COURT** |

Plaintiff Michael James Lingenfelter, proceeding pro se, files this action against his former employer, Defendant Bank of England. Plaintiff alleges (1) wrongful termination; (2) workplace harassment; (3) mental, verbal, and physical abuse/bullying; (4) retaliation; (5) false claims, slander, defamation, and libel; (6) hostile workplace environment; and (7) interference with prospective economic relations. (Compl., ECF No. 1.) The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and ordered Plaintiff to show cause with respect to frivolousness. (ECF No. 11.) The Court noted, "An IFP complaint 'that merely repeats pending or previously litigated claims' is subject to dismissal as frivolous." (*Id.* (quoting *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)).) In this case, Plaintiff appends to his Complaint a state court filing, which alleges the same causes of action against the same defendant. (ECF No. 1-2.) Accordingly,

the Court ordered Plaintiff to show cause as to why this Court should not dismiss his Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). (*Id.*)

Plaintiff responded confirming that he had filed suit against Defendant in the Superior Court of San Diego. (ECF No. 12 at 1.) He recounted a series of attempts to serve Defendant in the state court case, accusing Defendant of "manipulating Plaintiff's lack of procedural knowledge," which resulted in the dismissal of "several motions." (*Id.* at 2.) Subsequently, Plaintiff "withdrew the Superior Court case and refiled in United States District Court." (*Id.* at 3.)

In light of Plaintiff's response to the Court's Order to Show Cause, the Court obtained the docket report for case number 37-2022-00024459-CU-WT-CTL in the Superior Court of San Diego.[1] According to the docket report, Plaintiff filed his state court complaint on June 22, 2022, and the case was litigated for approximately ten months. On April 25, 2023, Plaintiff filed a "Notice of Removal to Federal Court." This stayed all litigation in state court but did not terminate the case. Plaintiff's state court case remains open, and the "Case Status" is "Removed to Federal Court."

Plaintiff, however, did not file a notice of removal in federal court. Instead, he filed a new Complaint and appended his state court complaint. Although this is procedurally improper, the Court may construe Plaintiff's filing as a notice of removal under liberal pleading standards for pro se litigants. *See Barberio v. City of Burien*, No. C05-1569P, 2006 WL 2237704, at *3 (W.D. Wash. Aug. 3, 2006) ("Nothing in 28 U.S.C. § 1446(a) provides that a state-court proceeding may be removed by filing an entirely new complaint in federal court that requests removal of the state-court action."); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

---

[1] The Court takes judicial notice of the Superior Court of San Diego docket report. Under Rule 201(b), the court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A state court docket is a source whose accuracy cannot reasonably be questioned. *See Ryti v. State Farm Gen. Ins. Co.*, No. C 12-01709 JW, 2012 WL 2339718, at *1 n.4 (N.D. Cal. May 30, 2012) (granting a request for judicial notice regarding a state court docket).

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted)). But Plaintiff's removal attempt has a more fundamental problem. The removal statute allows only defendants to remove to federal courts; a plaintiff has no right to remove his own case. *See* 28 U.S.C. § 1446; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941) ("The Court ruled that the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."). As a result, Plaintiff has no right to remove this case to federal court, and the Court must remand it back to state court.

Accordingly, the Court **REMANDS** this action to the San Diego Superior Court. Further, because the Court lacks jurisdiction over this case, the Court **TERMINATES** Plaintiff's motion to appoint counsel (ECF No. 2) and request for sanctions and attorneys' fees (ECF No. 6).

**IT IS SO ORDERED.**

**DATED: August 21, 2023**

Hon. Cynthia Bashant
United States District Judge